CHENEY, Extr., Plaintiff, v. STATE COUNCIL OF OHIO JUNIOR ORDER UNITED AMERICAN MECHANICS, Defendant.

Probate Court, Marion County.

No. 22528.   Decided June 19, 1959.

**OPINION**

By RUZZO, J.

This matter is before the Court on petition for the construction of the Will of Alice I. Gurley, deceased, filed by the executor and requests

the judgment and direction of the Court in regard to the true construction of the following clause in the Will of the testatrix:

"ITEM XI—I give and bequeath the sum of Three Hundred Dollars ($300.00) to the Epworth Methodist Church of Marion, Ohio; the sum of Three Hundred Dollars ($300.00) to the Marion Masonic Temple Company of Marion, Ohio, and Five Hundred Dollars ($500.00) to the Junior Order of American Mechanics of Marion, Ohio."

It is conceded by all parties in interest that the Junior Order of American Mechanics of Marion, Ohio, is no longer in existence. However, the State Council of Ohio Junior Order United American Mechanics represents that it is one and the same as the beneficiary named in the item above set forth and, therefore, claims the bequest made therein.

The executor maintains that it was the intention of the testatrix to limit the objects of her bounty to organizations of which her deceased husband was a member in the city of Marion, Ohio, and in furtherance of his position contends that the Court should take into consideration the intention of the testatrix as gathered from all of the provisions of her Will, which was to make such gifts to organizations in which her deceased husband had held membership and which were located in the city of Marion, Ohio.

The State Council of the Ohio Junior Order of United American Mechanics has entered an appearance and filed an answer in which it attempts to invoke the doctrine of "Cy Pres" and by virtue of the application of such doctrine prays the Court to find that said bequest of five hundred dollars ($500.00) shall not lapse because of the nonexistence of the Marion City Council, but shall become the property of the State Council of Ohio to carry on the principles for which the Marion Council was chartered.

The rule of construction by which charitable gifts are preserved for the public benefit is known as the Cy Pres doctrine. In the law of trusts it refers to a rule of construction used by courts of equity to effectuate the intention of a charitable donor "as near as may be" when it has become impossible or impractical by reason of changing conditions or circumstances to give literal effect to the donor's intention. The doctrine exists in Ohio by judicial interpretation and application. See Article "Cy Pres Doctrine in Ohio," 18 O. S. Law Journal, Vol. 18, No. 2; Spring 1957, page 196.

In general terms it is said that the Cy Pres doctrine means that where the literal execution of the trust of a charitable gift is inexpedient or impracticable, equity will execute them as nearly as it can according to the original plan. In 7 O. Jur., Sec. 38, p. 175, it is stated:

"The general principle upon which the court acts is that if the testator has manifested a general intention to give to charity, the failure of the particular mode in which the charity is to be executed shall not destroy the charity; but if the substantial intention is charity, the law will substitute another mode of devoting the property to charitable purposes, though the formal intention as to the mode cannot be accomplished."

Ohio courts seem to follow the traditional view that before the Cy Pres doctrine will be applied by a court the following three essentials

must be present: (1) there must be a valid charitable trust and one that is invalid will not be cured by an application of the doctrine; (2) it must be established that it is impossible or impractical to carry out the specific purposes of the trust; (3) it must be established that the donor evinced a general charitable intent. See article above-mentioned, Cy Pres Doctrine in Ohio at p. 202 and cases cited in footnotes 32, 33 and 34.

In the case of **Allen, Administrator v. The City of Bellefontaine, 47 Oh Ap 359**, where the Cy Pres doctrine was sought to be applied in a case in which the testatrix had left her home for the use of physicians in a certain community and the petitioners sought to have the fund diverted for the use of a comparable hospital in the same community, the court stated that in determining the intention of the testatrix conditions surrounding her at the time of the execution of the Will as well as the phrasing of the Will itself may be considered (Paragraph 3 of Syllabus). Paragraph 4 of the Syllabus reads as follows:

"Existence of local public hospital at time of execution of Will leaving testatrix' home in trust for exclusive use of reputable physicians as place for meetings, for research and for use as private lying-in hospital indicated that testatrix intended not to adopt hospital as beneficiary of her bounty, but to create a separate institution furnishing different services."

In this situation the court held the Cy Pres doctrine was not applicable and that the charitable intention of the testatrix was limited to constituting the testatrix' identical home as a memorial to her husband.

The court quoted with approval at page 369 from the opinion in the case of Telle v. Bishop of Derry, 168 Mass. 341:

"If the charitable purpose is limited to a particular object or to a particular institution and there is no charitable intent, then if it becomes impossible to carry out the object **or the institution ceases to exist before the gift has taken effect** and possibly in some cases after it has taken effect, the doctrine of Cy Pres does not apply, and in the absence of any limitation over or other provision the legacy lapses." (Emphasis added.)

"It is important to note from the Ohio cases that the doctrine is applied only in cases where the testator has manifested a general intention to give to charity and that where the donor has not expressed his charitable intention generally, but has provided for only one specific, particular object and this object cannot be carried out or the charity provided for ceases to exist before the gift takes effect, then the court will not execute the trust, it wholly fails." Allen, Admr. v. City of Bellefontaine, supra, quoting Pomeroy's Equity Juris. 4th Edition, Vol. 3, p. 2308 at p. 367 of the Opinion.

In the Allen case the court pointed out that the intended beneficiaries of the trust created by the Will of the testatrix were a different class than the portion of the public who would be the beneficiaries of the proposed endowment sought by the petitioners, who were attempting to invoke the Cy Pres doctrine. The court went on to say at page 373:

"As the testatrix had no general charitable intent and the mode of carrying out the trust is of the essence of the trust, the doctrine of Cy Pres cannot be applied."

The same general rules were applied in the case of Craft. Extrx., v. Shroyer, 81 Oh Ap 253. Paragraph 7 of the Syllabus reads as follows:

"When the settlor has not expressed a charitable intention generally, but expressed an intention which is restrictive, exclusive and limited to a specific purpose and this purpose cannot be carried out, the doctrine of Cy Pres will not be invoked."

Paragraph 9 of the Syllabus sets forth the following legal principle:

"The absence of a general charitable intent precludes the application of the doctrine of Cy Pres."

Applying these principles to the case at bar, it is important to note that in the item referred to the testatrix limited the objects of her charitable bounty to certain religious and fraternal orders in Marion, Ohio. It is conceded that her husband was a member of each of these organizations set forth in Item XI. It should also be noted that at the time her Will was executed the Ohio Council, defendant herein, was in existence and she manifested no intent to adopt the state organization as the object of her bounty.

To sum up, the testatrix had no general charitable intent, but rather limited her bounty to the Junior Order of American Mechanics of Marion, Ohio. A survey of Ohio decisions of recent years reveals that in certain limited cases Ohio courts are attempting to circumvent the requirement of a general charitable intent by applying to private trusts what has come to be known as the Doctrine of Deviation. The doctrine is often justifiably confused with the doctrine of Cy Pres, the chief difference being that the former applies in the field of private as well as charitable trusts and under the doctrine of deviation the court is not required to find a general charitable intent. However, this doctrine has been limited to those cases in which its application will carry out the general purpose of the gift. Moreover, it cannot be invoked when its application would enlarge or change the class of beneficiaries who are the object of the donor's bounty. In Heinlein v. Elyria Savings and Trust Co., 75 Oh Ap 353, the court quotes with approval from 10 American Juris., Charities, Sec. 124, as follows:

"A court of equity is not entitled to substitute a different scheme for the scheme which the donor has prescribed in the instrument which creates the charity merely because a coldly-wise intelligence impervious to the special predilections which inspired his liberality and untrammeled by his directions would have dictated a different use of his money."

The Craft v. Shroyer case, supra, although applying the doctrine of deviation, recites that the doctrine is applicable only when the general purpose named by the creator of the trust is still attained and when a simple change incident to the method of administration does not alter the purpose or object of the trust nor vary the class of beneficiaries nor divert the fund from the charitable purposes named by the donor. See Para. 13 of the Syllabus.

To apply the doctrine of deviation to the case at bar would alter the testatrix' intention to benefit an organization in Marion, Ohio, to one of a general charitable intent to benefit the entire Ohio order of such association and would, moreover, vary the class of beneficiaries to an extent not contemplated by her, thus resulting in a diversion of the fund from the limited charitable purpose named by her.

We conclude, therefore, that neither the doctrine of Cy Pres nor the doctrine of deviation is applicable to the case at bar and the five hundred dollars ($500.00) in question is held to lapse and pass under the residuary clause of the testatrix' Will.

An entry may be drawn accordingly by counsel for the executor, saving exceptions to the defendant, State Council of Ohio Junior Order of United American Mechanics.