[Cite as *First Merit Bank v. Akron Gen. Med. Ctr.*, 2018-Ohio-2689.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FIRSTMERIT BANK, N.A. | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2017 CA 00134 |
| AKRON GENERAL MEDICAL CENTER, et al. | |
| | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 225942

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 9, 2018

APPEARANCES:

For Plaintiff-Appellee

REX W. MILLER
LESH, CASNER & MILLER
Suite 606 Belden Place
4150 Belden Village Street, NW
Canton, Ohio 44718-3651

For Defendant AG

TODD K. DeBOE
PRINCIPAL ASSISTANT ATTORNEY GENERAL
Charitable Law Division
30 East Broad Street, 14th Floor
Columbus, Ohio 43215

For Defendant-Appellant DHSC

ROCCO D. POTENZA
HANNA, CAMPBELL & POWELL
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333

For Massillon Rotary

JUSTIN S. GREENFELDER
BUCKINGHAM DOOLITTLE & Burroughs LLC
4518 Fulton Drive, NW, Suite 200
PO Box 35548
Canton, Ohio 44735

For Health Foundation

MARK R. PERCIVAL
BROWN & PERCIVAL CO., LPA
121 Lincoln Way East
Massillon, Ohio 44646

*Wise, P. J.*

{¶1} Appellant DHSC, LLC dba Affinity Medical Center appeals the June 20, 2017, decision of the Stark County Probate Court's decision declaring it was not entitled to proceeds from the Kathryn L. Seymour Amended Trust.

{¶2} Appellees in this matter are First Merit Bank, N.A., Massillon Rotary Foundation Trust, The Health Foundation of Greater Massillon, Akron General Medical Center and the Attorney General Mike Dewine.

## STATEMENT OF THE FACTS

{¶3} On April 18, 2016, Plaintiff-Appellee FirstMerit Bank, N.A. (FirstMerit), as Trustee of the Kathryn L. Seymour Revocable Trust, filed a complaint for declaratory judgment with the Stark County Court of Common Pleas, Probate Division. First Merit stated that Kathryn L. Seymour had established a Trust and among the beneficiaries of the Trust, she named Massillon Community Hospital.

{¶4} In its Complaint, FirstMerit alleged that while Massillon Community Hospital was a not-for-profit hospital at the time Ms. Seymour established the trust, it subsequently was sold to a for-profit entity and became known as Affinity Medical Center. FirstMerit further alleged that the Seymour Trust was a "charitable trust" and that because her charitable intent could not be carried out, the court should apply the *cy pres* doctrine and designate the proceeds of the Trust be distributed to another charitable organization.

{¶5} FirstMerit named as Defendants Akron General Medical Center, Appellant, DHSC, LLC dba Affinity Medical Center (hereinafter referred to as "Affinity"), St. John United Church of Christ, Salvation Army and the Ohio Attorney General. Thereafter, the Greater Health Foundation of Massillon and the Greater Massillon Rotary Foundation

intervened as Defendants, claiming interest in the proceeds of the Trust. All parties entered answers to the Trustee's complaint. Thereafter, pursuant to Order of the Court, the parties submitted briefs in support of their respective positions.

{¶6} On June 20, 2017, the Stark County Probate Court issued an Order declaring that Appellant Affinity was not entitled to the proceeds of the Trust. Instead, the court held that the *cy pres* doctrine applied and awarded the proceeds of the Trust be distributed to Defendants Health Foundation of Greater Massillon and Massillon Rotary Foundation Trust.

{¶7} It is from this decision Appellant Affinity now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

{¶8} "I. THE TRIAL COURT ERRED IN CONCLUDING THAT APPELLANT-AFFINITY, WAS NOT ENTITLED TO THE PROCEEDS OF THE AMENDED TRUST, WHERE THE CLEAR AND UNAMBIGUOUS TERMS OF KATHRYN SEYMOUR'S AMENDED TRUST EXPRESSED HER INTENT THAT THE PROCEEDS BE DISTRIBUTED TO MCH, ITS SUCCESSORS OR ASSIGNS, FOR THE SPECIFIC PURPOSE OF IMPROVING THE HOSPITAL FACILITIES.

{¶9} "II. THE TRIAL COURT ERRED IN CONSIDERING EXTRINSIC EVIDENCE, WHEN IT INDICATED IT WOULD NOT DO SO. MOREOVER, IF RESORT TO EXTRINSIC EVIDENCE IS APPROPRIATE DUE TO ANY PERCEIVED AMBIGUITY, THE EXTRINSIC EVIDENCE DEMONSTRATES THAT MS. SEYMOUR KNEW, AT THE TIME SHE EXECUTED HER AMENDED TRUST, THAT MCH WOULD BECOME A FOR-PROFIT HOSPITAL.

**{¶10}** "III. THE TRIAL COURT ERRED IN APPLYING THE *CY PRES* DOCTRINE WHERE THE GRANTOR CLEARLY RESTRICTED THE BEQUEST TO A SPECIFIC LIMITED PURPOSE. THE *CY PRES* DOCTRINE ONLY APPLIES WHERE THE TRUST LANGUAGE EXHIBITS A GENERAL CHARITABLE INTENT."

### I., II., III.

**{¶11}** We have chosen to address these assignments collectively because of the interrelationship of the facts and laws pertinent to each assignment of error.

**{¶12}** In each of its assignments of error, Appellant claims the trial court erred in finding that Appellant Affinity was not entitled to the proceeds from the Trust and applying the *cy pres* doctrine. We disagree.

**{¶13}** This case involves the Kathryn Seymour Amended Trust Agreement, which provided, *inter alia*, that upon Ms. Seymour's death, her personal and real property would be distributed to her daughter. The balance of the trust estate was to be distributed as follows:

2. All of the rest, residue and remainder of the trust estate shall be converted to cash and distributed as follows:

a. Fifty percent (50%) thereof to St. John's United Church of Christ presently located at 121 Tremont Ave. S.E., Massillon, Ohio, its successors or assigns. This bequest is unrestricted and the Board of Trustees or other governing body may use and expend the same for the benefit of St. John's United Church of Christ, its successors or assigns, in any manner it deems appropriate.

b. Forty percent (40%) thereof to the Massillon Community Hospital, its successors or assigns. These funds shall be restricted so as to benefit only the facilities of said hospital at 875 Eighth Street, N.E., Massillon, Ohio. These improvements need not be limited to building renovation. Any expenditure of funds which benefit the operation of the above location shall be permitted.

c. Ten percent (10%) thereof to the general fund of the Massillon, Ohio Branch of the Salvation Army.

### Cy Pres Doctrine

**{¶14}** The *cy pres* doctrine is a rule of construction by which charitable gifts are preserved for the public benefit. In the law of trusts it refers to a rule of construction used by courts of equity to effectuate the intention of a charitable donor "as near as may be" when it has become impossible or impractical by reason of changing conditions or circumstances to give literal effect to the donor's intention. *Cheney v. State Council of Ohio Junior Order United Am. Mechanics* (1959), 11 O.O.2d 112, 162 N.E.2d 242, 244.

**{¶15}** The *cy pres* doctrine is a saving device that permits a court to direct the application of the property held in a charitable trust to a charitable purpose different from that designated in the trust instrument. *Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc.* (1997), 79 Ohio St.3d 98, 106, 679 N.E.2d 1084.

" 'Roughly speaking, it is the doctrine that equity will, when the charity is originally or later becomes impossible, inexpedient, or impracticable of fulfillment, *substitute another charitable object which is believed to approach the original purpose as closely as possible.* It is the theory that

equity has the power to revise a charitable trust where the settlor had a general charitable intent in order to meet unexpected emergencies or changes in conditions which threaten its existence.'" (Emphasis added.) *Id.,* quoting Bogert, Trusts & Trustees (2 Ed.Rev.1991) 95-96, Section 431.

**{¶16}** At common law, Ohio courts have followed the traditional view that before the *cy pres* doctrine will be applied by a court, the following three essentials must be present:

(1) there must be a valid charitable trust and one that is invalid will not be cured by an application of the doctrine;

(2) it must be established that it is impossible or impractical to carry out the specific purposes of the trust;

(3) it must be established that the donor evinced a general charitable intent. *Cheney* at 244.

**{¶17}** The common-law doctrine of *cy pres* has recently been codified at R.C. §5804.13, which provides:

(A) Except as otherwise provided in division (B) of this section, if a particular charitable purpose becomes unlawful, impracticable, or impossible to achieve, all of the following apply:

(1) The trust does not fail in whole or in part.

(2) The trust property does not revert to the settlor or the settlor's successors in interest.

(3) The court may apply *cy pres* to modify or terminate the trust by directing that the trust property be applied or distributed, in whole or in part,

in a manner consistent with the settlor's charitable purposes. In accordance with section 109.25 of the Revised Code, the attorney general is a necessary party to a judicial proceeding brought under this section.

(B) A provision in the terms of a charitable trust for the distribution of the trust property to a noncharitable beneficiary prevails over the power of the court under division (A) of this section to apply *cy pres* to modify or terminate the trust.

**{¶18}** The official comment to R.C. §5804.13 indicates that this codification "modifies the doctrine of *cy pres* by presuming that the settlor had a general charitable intent when a particular charitable purpose becomes impossible or impracticable to achieve."

**{¶19}** In the case *sub judice*, the trial court made the following findings:

[T]he Grantor demonstrated a charitable intent.

Due to the changing circumstances surrounding the merger of Massillon Community Hospital as a now for-profit hospital operating as Affinity Hospital, the Grantor's charitable intent has become frustrated and impossible to achieve.

A distribution of the funds to a for-profit hospital would contradict Grantor's overt charitable desires. (June 20, 2017, JE at 8)

**{¶20}** Based on these findings, the probate court determined that pursuant to R.C. §5804.13, the court could apply the *cy pres* doctrine in order to save the charitable distribution and maintain Grantor's overarching charitable intent.

**{¶21}** Upon review, we find no error in the trial court's analysis or decision in this matter. Initially, we find that the trial court's determination that the gift to Massillon Community Hospital was impossible to carry out because such entity no longer existed. The trial court then found, as do we, that DHSC dba Affinity was not an appropriate recipient of the gift because it is a for-profit entity.

**{¶22}** The trial court then looked at the dispositive language contained in the Trust and found it to be clear and unambiguous. The court found that the Settlor had intended for her residuary estate to be distributed to only charitable organizations, i.e., a church, a non-profit hospital and the Salvation Army. The court found that such evidenced a charitable intent.

**{¶23}** We likewise find that Ms. Seymour's intent was charitable, as evidenced by choosing only charitable organizations and in leaving approximately half of the residue and remainder of her Trust to a hospital, a health-based organization. Where a trust benefits the general promotion of health, the settlor's intent is presumed to be charitable. *Bank One Tr. Co., NA v. Miami Valley Hosp.*, 2nd Dist. Montgomery No. 19703, 2003-Ohio-4590, ¶ 26. A trust established to generally benefit the promotion of health is a per se demonstration of the testator's charitable intent. *See* Scott, Law of Trusts, at Section 368, p. 130. The law favors charitable bequests, and they are liberally construed to accomplish the testator or grantor's purpose. *Wills v. Union Savings & Trust Co.* (1982), 69 Ohio St.2d 382, 386, 23 O.O.3d 350, 352–353, 433 N.E.2d 152, 156; *Becker v. Fisher* (1925), 112 Ohio St. 284, 294–295, 147 N.E. 744, 747; *Hess v. Sommers* (1982), 4 Ohio App.3d 281, 285, 4 OBR 500, 504–505, 448 N.E.2d 494, 498–499.

**{¶24}** Finally, we find no merit in Appellant's argument that the trial court erred in considering extrinsic evidence in reaching its decision.  Appellant argues that Massillon Community Hospital's status as a not-for-profit organization is not contained in Ms. Seymour's Trust agreement and therefore constitutes extrinsic evidence.  The non-profit status of Massillon Community Hospital was agreed to by the parties as set forth in the Complaint and Answers thereto and was never a contested issue in this matter.  DHSC dba Affinity admitted in its Answer that Massillon Community Hospital was a non-profit organization at the time Ms. Seymour amended her Trust to include such gift.  As such, we do not find that the trial court considered extrinsic evidence in making its ultimate decision in this matter.

**{¶25}** Accordingly, Appellant's assignments of error are overruled.

**{¶26}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is affirmed.

By: Wise, P. J.

Gwin, J., and

Baldwin, J., concur.

JWW/d 0627